UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JASON R. CASTO,

    Plaintiff,

vs.

UNITED STATES DEPARTMENT
OF VETERANS AFFAIRS,

    Defendant.

Case No. 3:17-cv-383

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

## REPORT AND RECOMMENDATION[1] THAT *PRO SE* PLAINTIFF'S MOTION FOR A DEFAULT JUDGMENT (DOC. 15) BE DENIED

This civil case is before the Court on *pro se* Plaintiff's motion for default judgment. Doc. 15. Federal Rule 55 "provides for a two-step process in obtaining a default against a defendant who has failed to plead or otherwise defend"; namely, first "request[ing] from the Clerk of Court an entry of default" and, second, after "receiving an entry of default ... mov[ing] the Court for a default judgment[.]" *Oliver v. Comm'r of Soc. Sec.*, No. 3:17-CV-104, 2017 WL 2531759, at *1 (S.D. Ohio June 12, 2017) (citing *Ross v. Teleperformance USA, Inc.*, No. 3:13CV00038, 2014 WL 99413, at *1 (S.D. Ohio Jan. 9, 2014)). Plaintiff here has neither sought nor received an entry of default and, therefore, his motion for default judgment is premature.

Further, even if the Court construed his motion as an application for an entry of default, such request should be denied. An entry of default is appropriate only "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend[.]" Fed. R. Civ. P. 55(a). The docket in this case reflects that, pursuant to Fed. R. Civ. P. 4(i), Plaintiff served the United States Attorney for the Southern District of Ohio on March 30, 2018;

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

the Attorney General of the United States on April 2, 2018; and the Department of Veterans Affairs on April 2, 2018. Doc. 16. Pursuant to Fed. R. Civ. P. 12(a)(2), Defendant has 60 days "after service on the United States attorney" to file an answer. Thus, Defendant's answer is not due until May 29, 2018. Nevertheless, Defendant has already filed an answer to Plaintiff's complaint in this case. Doc. 14.

Accordingly, for all of the foregoing reasons, neither an entry of default nor default judgment is appropriate and, therefore, the undersigned **RECOMMENDS** that Plaintiff's motion for a default judgment be **DENIED**.

Date:   April 17, 2018                              s/ Michael J. Newman
                                                    Michael J. Newman
                                                    United States Magistrate Judge

# **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).